BOLÍVAR PAGÁN y LEOPOLDO FIGUEROA, como miembros propietarios de la JUNTA INSULAR DE ELECCIONES, peticionarios, *v.* HON. CORTE DE DISTRITO DE HUMACAO, HON. R. ARJONA SIACA, JUEZ, demandada.

Núm. 1084.—*Sometido:* Noviembre 23, 1936. *Resuelto:* Diciembre 17, 1936.

Celestino Iriarte, F. Fernández Cuyar, H. González Blanes y Miguel A. Burset, abogados de los peticionarios.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

Francisca Pabón de Rodríguez y 136 otros peticionarios presentaron solicitudes a la Junta Insular de Elecciones para ser inscritos como electores capacitados del municipio de Patillas. ` Dichos peticionarios fueron recusados por carecer de residencia legal y la Junta Insular de Elecciones, después de practicar la investigación que ordena la ley, sos-

tuvo la validez de la inscripción de dichos peticionarios haciendo constar sus nombres en las listas provisionales de electores. Las personas que habían suscrito las peticiones de exclusión apelaron de la resolución de la Junta en cada caso para ante la Corte Municipal de Patillas, la cual, después de celebrar una vista, a la que no comparecieron los electores, ordenó la exclusión de los mismos. Y no estando conformes con la resolución de la corte municipal, cada uno de dichos electores presentó una petición de *certiorari* ante la Corte de Distrito de Guayama, para revisar y anular la sentencia dictada por la corte municipal. No es pertinente discutir en este momento los méritos de dichas peticiones de *certiorari,* las cuales están aún pendientes de ser resueltas por la corte de distrito.

En vista de que la Corte de Distrito de Guayama no tomaba acción alguna para considerar y resolver las solicitudes de *certiorari* presentadas por los 137 electores, éstos acudieron en 24 de septiembre de 1936 ante la Corte de Distrito de Humacao en solicitud de una orden de *injunction,* para hacer efectiva la jurisdicción de dicha corte y para que se ordenase a la Junta Insular de Elecciones que se abstuviera de eliminar de las listas electorales los nombres de los peticionarios y que en caso de haber sido ya eliminados procediese a reponerlos en las listas mientras se resuelve en definitiva sobre los derechos de las partes litigantes. La Corte de Distrito de Humacao, después de oír a la Junta Insular de Elecciones, declaró con lugar la solicitud y dictó una orden de *injunction* en consonancia con la súplica de la petición.

Para revisar y anular la orden de *injunction* dictada por la Corte de Distrito de Humacao, los peticionarios en este caso han presentado ante esta corte la solicitud de *certiorari* que ahora debemos considerar y resolver.

La solicitud de *certiorari* en este caso fué radicada en esta corte el día 2 de noviembre, cuando era ya absolutamente imposible poder expedir y diligenciar el auto so-

licitado y mucho más imposible el que esta corte pudiese dictar una resolución con anterioridad a la hora señalada para la celebración de las elecciones que de acuerdo con la ley habían de celebrarse el día 3 de novimbre de 1936.

No tenemos constancia alguna de que los 137 electores a que se refiere este caso hayan votado en dichas elecciones, ni tampoco en el caso de que hubieran votado, si fueron recusados de acuerdo con la ley. Pero para los fines de esta resolución asumiremos que dichos electores votaron y que las partes interesadas en negarles el derecho al voto los recusaron oportunamente.

Bajo estas circunstancias, la solicitud de *certiorari*, que tiene como único objeto revisar y anular la orden de *injunction* en virtud de la cual se permitió a dichos electores que tomasen parte en las elecciones, resulta claramente académica, pues habiéndose realizado el acto que autorizó la orden de *injunction*, ninguna de las partes litigantes sería afectada por la resolución que pudiéramos dictar en este caso sobre sus méritos.

■ No es posible considerar como parte de esta solicitud de *certiorari* si los 137 electores están o no capacitados para figurar como tales electores en las listas electorales del municipio de Patillas. Ni la petición ante nos ni el *return* de la corte de distrito contienen datos suficientes para que esta corte pueda resolver sobre los derechos de los peticionarios. Además, estando pendientes ante la Corte de Distrito de Guayama las solicitudes de *certiorari* presentadas individualmente por cada uno de los 137 peticionarios, debemos dar a dicha corte amplia oportunidad para considerar y resolver por sus méritos dichas solicitudes.

*Por las razones expuestas y considerando que la revisión solicitada tiene en la actualidad un carácter puramente académico, resolvemos que debe declararse sin lugar la solicitud de* certiorari *y denegarse la expedición del auto solicitado.*

El Juez Presidente Señor del Toro no intervino.